David M. Crosby, Esq.
Nevada Bar #3499
CROSBY & ASSOCIATES
711 South Eighth Street
Las Vegas, Nevada 89101
Phone: (702) 382-2600
Attorneys for Debtor(s)

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \*

In the matter of:                                ) Case No: BK-10-24215-LBR
                                                 ) Chapter 13
DAVID RAMIREZ-LOPEZ and,                         )
MARGARITA RAMIREZ                                )
            Debtor(s).                         ) Date: 12-9-10
                                                 ) Time: 3:05 p.m.
                                                 ) Rick A. Yarnall

### MOTION TO VALUE DEBTORS' NON-PRINCIPAL RESIDENCE REAL PROPERTY, AVOID WHOLLY UNSECURED LIEN(S) ENCUMBERING SAME, AND TO MODIFY THE RIGHTS OF PARTIALLY SECURED LIENHOLDER(S) AND OBJECTION TO LIENHOLDERS' PROOFS OF CLAIM, IF ANY

Come Now Debtors, David Ramirez-Lopez and Margarita Ramirez, by and through their legal counsel, David M. Crosby, Esq., of the law firm Crosby & Associates, who respectfully moves this Court to value Debtors' non-principal residence, determine the junior lien of CitiBank to be wholly unsecured and the first lien to be partially unsecured, to avoid said wholly unsecured lien and to modify the rights of said creditors accordingly including determining the claims pursuant to any proof(s) of claim which such lienholders may have filed to be unsecured where there is insufficient equity in the residence to secure more than the first lien.

This Motion is brought pursuant to 11 U.S.C. §502(a), §506(a), §1322(b)(2), and Bankruptcy Rules 3012 and 9014, the Points and Authorities set forth below and all documents and pleadings on file herein.

///

///

F:\Bankruptcy\Katthia's lien strip\RAMIREZ-LOPEZ, DAVID cramdown MtntoAvoidLienofWhollyUnsecuredCreditor.Rental.wpd

Dated this _____ day of November, 2010.

CROSBY & ASSOCIATES

By: _____
David M. Crosby, Esq.
Attorney For Debtors

- - - - - - - - - - - - -

## POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

1. Debtor filed a Chapter 13 petition in United States Bankruptcy Court, District of Nevada on July 29, 2010.

2. On the date of the petition, Debtors were the owners of real property used as rental property known and described as 3501 Purdue WAY, Las Vegas, NV 89115 (Exhibit "1") legally described as follows:

> Lot Six (6) in Block Two (2) of Community College Estates, as shown by map thereof on file in Book 23 of Plats, Page 65 in the Office of the County Recorder of Clark County, Nevada.

APN: 140-07-310-077

3. The value of said real property at the time Debtor's Chapter 13 Petition was filed was $35,000 as set forth more particularly in a written professional appraisal of subject property (Exhibit "2").

4. Said property at the time of filing was subject to the following lien allegedly evidenced by Promissory Notes and Deeds of Trust:

|  |  |
|---|---|
| First Mortgage:   (Exhibit "3")<br>Wells Fargo Bank, N.A.<br>Wells Fargo Home Mortgage<br>One Home Campus<br>Mac # X2302-045<br>Des Moines, IA 50328<br>Loan # xxxxxx3694 | $ 43,113.93 |
| Second Mortgage:  (Exhibit "4")<br>CitiBank.<br>P.O.Box 140609<br>Irving, TX 75019-0609<br>Loan # xxxxxx2723 | $ 17,086.71 |

5.  As of the date Debtor's Chapter 13 Petition was filed no equity existed in said property above the amount of the appraisal value of $ 35,000.00 thereby leaving the junior loan to CitiBank as wholly unsecured and the first loan to Wells Fargo Bank, N.A. as partially secured to the extent of the value of the property. If said property were foreclosed or otherwise sold at auction on the date of the petition, there would be insufficient proceeds to pay anything to CitiBank on the junior loan and only partial payment to Wells Fargo Bank, N.A. on the first loan.

6.  Debtor declare that the entire junior claim of CitiBank is unsecured and the first claim of Wells Fargo Bank, N.A. is only partially secured such that all such unsecured debt should be reclassified as unsecured to share pro rata with other general unsecured creditors through the debtor's Chapter 13 plan with any proof(s) of claim filed by it modified accordingly to document the claim as unsecured, and that the junior lien filed by CitiBank as identified above encumbering subject property be properly avoided by Order of this Court and the lien of Wells Fargo Bank, N.A. on the first loan be modified accordingly by order of the Court.

## II.

## LEGAL ARGUMENT

**A.  The Restrictions of 11 U.S.C. § 1322(b)(2) Do Not Apply to Real Property Which is Not Debtor's Principal Residence.**

11 U.S.C. §1322(b)(2) does not apply to this property as it is not Debtor's principal residence. That section provides:

>   (b) Subject to subsections (a) and (c) of this section, the plan may—
>
>   * * * * *
>
>   (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest that is secured by an interest in real property that is the debtor's principal residence, .....

**B.   The Claims by Lienholders May be Bifurcated into Secured and Unsecured Claims Pursuant to 11 U.S.C. §506(a).**

11 U.S.C. § 506(a)(1) provides in pertinent part:

>   (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.

In re Zimmer, 313 F.3d 1220, 1221 (9th Cir.2002), accepted what was the majority view in the various circuits, that a, wholly unsecured lienholder is not entitled to the protection of 11 U.S.C. §1322(b)(2). The Court stated that a wholly unsecured lienholder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. §506(a).

**C.   Any Proof of Claim Filed by Named Lienholders Should be Conformed by Order of This Court to any Modification of Their Rights Determined by This Court.**

11 U.S.C. §502 provides that a claim of interest represented by proper Proof of Claim filed pursuant to section 501 is deemed allowed unless objected to. Debtor herewith objects to any and all Proof(s) of Claim which may have been filed by Wells Fargo Bank, N.A. or CitiBank, relative to their loans and request that any Proof(s) of Claim of same representing such claims be modified accordingly to unsecured claims consistent with the Order of this Court determining their claims to be wholly unsecured in the case of the junior lien and only partially secured in the case of the first lien.

### III.

### CONCLUSION

Debtor respectfully requests determination of value of Debtor's non-principal residence real property to be less than the amount of the first lien and argue that since the junior claim is wholly unsecured, it may be completely avoided and "stripped off" pursuant to 11 U.S.C. §506(a) and that the first claim of Wells Fargo Bank, N.A. may be modified, stripped down and reduced to the actual value of the property; that the said claims be reclassified as general unsecured claims to be paid pro rata with other general unsecured creditors through the debtor's Chapter 13 plan; that any Proof of Claim of the lienholders be modified consistent with the actual value of the property.

WHEREFORE, Debtors pray that this Court:

1. Determine the value of Debtor's non-principal residence to be $35,000.00 or such other amount as the evidence may justify as of the date of the Petition; and

2. Avoid and extinguish the junior lien of CitiBank. as wholly unsecured lien pursuant to 11 U.S.C. Section 506(a) upon completion of the Debtor's Chapter 13 plan; and

3. Modify the first lien of Wells Fargo Bank, N.A. as secured only to the extent of the actual value of the property as of the date of the Petition to be paid through the Chapter 13 Plan; and

4. Reclassify the second claim of CitiBank. and the non-secured portion of Wells Fargo Bank, N.A.'s claim as a general unsecured claims to be paid pro rata with other general unsecured creditors through the Debtor's Chapter 13 plan; and

5. Conform any Proof(s) of Claim filed by the claim of Wells Fargo Bank, N.A. to the secured/unsecured status of said claims as determined by this Court; and

///

///

///

6.     Order such other relief as the Court may deem appropriate.

Dated this ____ day of November, 2010.

                                    Respectfully Submitted:

                                    CROSBY & ASSOCIATES

By: _____
     David M. Crosby, Esq.
     Attorney for Debtors

APN: 140-07-310-077

Affix R.P.T.T., S EXEMPT 3

# GRANT, BARGAIN, SALE DEED

THIS INDENTURE WITNESSETH: THAT

DAVID RAMIREZ AND MARGARITA RUIZ, HUSBAND AND WIFE

FOR VALUABLE CONSIDERATION, the receipt of which is hereby acknowledged, do hereby Grant, Bargain, Sell and Convey to

DAVID L. RAMIREZ AND MARGARITA RUIZ-DIAZ, HUSBAND AND WIFE, AS JOINT TENANTS

All that real property situated in the Clark County of Clark, State of Nevada,

Bounded and described as follows:

LOT SIX (6) IN BLOCK TWO (2) OF COMMUNITY COLLEGE ESTATES, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 23 OF PLATS, PAGE 65 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA AND AMENDED BY CERTIFICATE OF AMENDMENT RECORDED AUGUST 20, 1979 AS DOCUMENT NO. 1063218 IN BOOK 1104 OF OFFICIAL RECORDS OF CLARK COUNTY, NEVADA.

SUBJECT TO:  1. Taxes for the fiscal year of 2001-2002
2. Covenants, Conditions, Reservations, Rights, Rights of Way and Easements now of record.

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

_____
DAVID RAMIREZ

_____
MARGARITA RUIZ

STATE OF NEVADA )
                ) SS
COUNTY OF CLARK )

ON December 18, 2001 personally appeared before me, a notary public (or judge Or other authorized person, as the case may be,) DAVID RAMIREZ AND MARGARITA RUIZ personally Known (or proved) to me to be the person whose names are subscribed To the above instrument who acknowledged that they executed the instrument.

_____
Signature

Notary Public - State of Nevada
County of Clark
GERALDINE M. BARRY
My Appointment Expires
September 10, 2003
No: 99-9386-1

When recorded mail to:
MR. & MRS. DAIVD RAMIREZ  And
3501 PURDUE WAY
LAS VEGAS, NV 89115    MAIL TAX STATEMENTS TO:

ESCROW NO.: 21022 GB

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:
LAND TITLE OF NEVADA
12-27-2001 13:56  SUD
OFFICIAL RECORDS
BOOK: 20011227 INST: 01659
FEE:    14.00  RPTT: EXH003

A Plus Appraisals (702) 456-4586                                    Main File No. P3501070610 Page #3 of 33

# Manufactured Home Appraisal Report
File # P3501070610

The purpose of this summary appraisal report is to provide the lender/client with an accurate, and adequately supported, opinion of the market value of the subject property.

## SUBJECT

| | | |
|---|---|---|
| Property Address 3501 Purdue Way | City Las Vegas | State NV  Zip Code 89115-0480 |
| Borrower N/A | Owner of Public Record Ramirez, D.L., Ruiz-Diaz, M. | County Clark |

Legal Description  Community College Est, Plat Book 23, Page 65, Lot 6, Block 2
Assessor's Parcel # 140-07-310-077      Tax Year '09      R.E. Taxes $ 745.16
Neighborhood Name Community College Est      Map Reference 36-A4 (MM)      Census Tract 0047.14
Occupant ☐ Owner  ☐ Tenant  ☒ Vacant   Project Type (if applicable) ☐ PUD  ☐ Condominium  ☐ Cooperative  ☐ Other (describe)
Special Assessments $ None Noted                HOA $          ☐ per year  ☐ per month
Property Rights Appraised ☒ Fee Simple  ☐ Leasehold  ☐ Other (describe)
Assignment Type ☐ Purchase Transaction  ☐ Refinance Transaction  ☒ Other (describe) Market Value Determination
Lender/Client Ramires, David, L.     Address 409 Lucy Street, Henderson, NV 89015
Is the subject property currently offered for sale or has it been offered for sale in the twelve months prior to the effective date of this appraisal?  ☐ Yes  ☒ No
Report data source(s) used, offering price(s), and date(s).  MLS/Public Records

Manufactured homes located in either a condominium or cooperative project require the appraiser to inspect the project and complete the Project Information section of the Individual Condominium Unit Appraisal Report or the Individual Cooperative Interest Appraisal Report and attach it as an addendum to this report.

## CONTRACT

I ☐ did  ☐ did not analyze the contract for sale for the subject purchase transaction. Explain the results of the analysis of the contract for sale or why the analysis was not performed.

Contract Price $ N/A    Date of Contract N/A    Is the property seller the owner of public record? ☐ Yes ☐ No  Data Source(s)          ☐ Yes ☐ No
Is there any financial assistance (loan charges, sale concessions, gift or downpayment assistance, etc.) to be paid by any party on behalf of the borrower?  ☐ Yes ☐ No
If Yes, report the total dollar amount and describe the items to be paid.

I ☐ did  ☒ did not analyze the manufacturer's invoice. Explain the results of the analysis of the manufacturer's invoice or why the analysis was not performed.
The manufacturer's invoice was not available at the time of the appraisal.
Retailer's Name (New Construction)   N/A

## NEIGHBORHOOD

Note: Race and the racial composition of the neighborhood are not appraisal factors.

| Neighborhood Characteristics | Manufactured Housing Trends | Manufactured Housing | Present Land Use % |
|---|---|---|---|
| Location ☐ Urban ☒ Suburban ☐ Rural | Property Values ☐ Increasing ☒ Stable ☐ Declining | PRICE $(000)  AGE (yrs) | One-Unit 72 % |
| Built-Up ☒ Over 75% ☐ 25-75% ☐ Under 25% | Demand/Supply ☐ Shortage ☒ In Balance ☐ Over Supply | | 2-4 Unit 5 % |
| Growth ☐ Rapid ☒ Stable ☐ Slow | Marketing Time ☐ Under 3 mths ☒ 3-6 mths ☐ Over 6 mths | 24 Low 5 | Multi-Family 7 % |
| Neighborhood Boundaries  The subject's "market" area is bound by: Craig Road to the north, N Lamb | | 60 High 52 | Commercial 8 % |
| Boulevard to the east, E. Lake Mead Boulevard to the south and US Interstate 15 to the west. | | 39 Pred. 20 | Other Vacant 8 % |

Neighborhood Description  The homes within are manufactured homes which vary in style/design/elevation, age, condition, and size manufactured from the 1970's through today. All public amenities are accessible, with schools, shopping, transportation, and recreational facilities all located within a 1-2 mile radius. The nearest freeway (US Highway 93/95) entrance is 2-3 miles west allowing access to all major employment centers/opportunities.

Market Conditions (including support for the above conclusions)  Typical of the surrounding Las Vegas Valley, the immediate area has seen a period of continual population, employment, and infrastructure growth with the opening of mega-resorts on the Las Vegas Strip. Presently, both property values and product/supply have stabilized. Typical financing consists of cash, VA, FHA, and conventional loans.

## SITE

Dimensions  (See Attached Plat Map)    Area 6,700 Sq.Ft.    Shape Rectangular/Average    View Area/Typical/Avg
Specific Zoning Classification (R-T)    Zoning Description Manufactured Home Residential
Zoning Compliance ☒ Legal  ☐ Legal Nonconforming (Grandfathered Use)  ☐ No Zoning  ☐ Illegal (describe)
Is the highest and best use of subject property as improved (or as proposed per plans and specifications) the present use?  ☒ Yes  ☐ No  If No, describe

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements – Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | ☒ | | Water | ☒ | | Street  Asphalt | ☒ | |
| Gas | ☒ | | Sanitary Sewer | ☒ | | Alley  None | ☐ | ☐ |

FEMA Special Flood Hazard Area ☐ Yes ☒ No  FEMA Flood Zone X    FEMA Map # 32003C2176E    FEMA Map Date 9/27/2002
Are the utilities and off-site improvements typical for the market area?  ☒ Yes  ☐ No  If No, describe
Is the site size, shape and topography generally conforming to and acceptable in the market area?  ☒ Yes  ☐ No  If No, explain
Is there adequate vehicular access to the subject property?  ☒ Yes  ☐ No  If No, describe
Is the street properly maintained?  ☒ Yes  ☐ No  If No, describe
Are there any adverse site conditions or external factors (easements, encroachments, environmental conditions, land uses, etc.)?  ☐ Yes  ☒ No  If Yes, describe

## HUD DATA PLATE

The HUD Data Plate/Compliance Certificate is located on the interior of the subject and contains, among other things, the manufacturer's name, trade/model name, year manufactured and serial number. The HUD Certification Label is located on the exterior of each section of the home.
Is the HUD Data Plate/Compliance Certificate attached to the dwelling?  ☐ Yes  ☒ No  If Yes, identify the location. If No, provide the data source(s) for the HUD Data Plate/Compliance Certificate information.  See comments in the addenda under the heading of "HUD Certification Label"
Is a HUD Certification Label attached to the exterior of each section of the dwelling?  ☒ Yes  ☐ No  If No, provide the data source(s) for the HUD Certification Label #'s

Manufacturer's Serial #(s)/VIN #(s)   PG4025AB
HUD Certification Label #(s)   See comments in the addenda under the heading of "HUD Certification Label"
Manufacturer's Name  Brookwood    Trade/Model  Corsair    Date of Manufacture  1983
Do the Wind, Roof Load, and Thermal Zones meet the minimum HUD requirements for the location of the subject property?  ☒ Yes  ☐ No  If No, explain

Freddie Mac Form 70B March 2005                Page 1 of 7                Fannie Mae Form 1004C March 2005

Form 1004C — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

# Manufactured Home Appraisal Report
File # P3501070610

## IMPROVEMENTS

| General Description | | Foundation | | Exterior Description | materials/condition | Interior | materials/condition |
|---|---|---|---|---|---|---|---|
| # of Units ☒ One ☐ Additions | | ☒ Poured Concrete ☐ Concrete Runners | | Skirting | Concrete Block/Avg | Floors | CrTile/Carpet/Avg |
| # of Stories ☒ 1 ☐ 2 ☐ Other | | ☐ Block & Pier ☐ Other-att. description | | Exterior Walls | WoodShingle/Avg | Walls | WdPanl/Drywall/Avg |
| Design (Style) Dbl/Wd/Conv | | ☐ Full Basement ☐ Partial Basement | | Roof Surface | Comp Shingle/Avg | Trim/Finish | Painted Wd/Avg |
| # of Sections ☐ 1 ☒ 2 ☐ 3 | | Basement Area None sq.ft. | | Gutters & Downspouts | Roof Overhang/Avg | Bath Floor | CeramicTile/Avg |
| ☐ Other | | Basement Finish None % | | Window Type | DualAlum/Avg | Bath Wainscot | Fiberglass/Avg |
| Type ☒ Det. ☐ Att. ☐ S-Det./End Unit | | ☐ Outside Entry/Exit ☐ Sump Pump | | Storm Sash/Insulated | None | Car Storage | ☐ None |
| ☒ Existing ☐ Proposed ☐ Under Const. | | Evidence of ☐ Infestation None Noted | | Screens | Yes/Avg | ☒ Driveway | # of Cars 2 Cars |
| Year Built 1983 Effective Age (Yrs) 11 yrs | | ☐ Dampness ☐ Settlement | | Doors | Hollow Wood/Avg | Driveway Surface | Concrete/Avg |
| Attic ☒ None | | Heating ☒ FWA ☐ HWBB ☐ Radiant | | Amenities ☐ Woodstove(s) # | | ☐ Garage | # of Cars |
| ☐ Drop Stair ☐ Stairs | | ☐ Other Fuel Gas | | ☐ Fireplace(s) # ☒ Fence CMUWalls | | ☒ Carport | # of Cars 2 Car Crpt. |
| ☐ Floor ☐ Scuttle | | Cooling ☒ Central Air Conditioning | | ☐ Patio/Deck ☒ Porch Covered | | ☒ Attached ☐ Detached | |
| ☐ Finished ☐ Heated | | ☐ Individual ☐ Other | | ☐ Pool ☒ Other Strg.Room | | ☐ Built-in | |
| Appliances [P] Refrigerator ☒ Range/Oven ☒ Dishwasher ☒ Disposal ☒ Microwave [P] Washer/Dryer ☐ Other (describe) | | | | | | | |
| Finished area above grade contains: 5 Rooms 3 Bedrooms 2 Bath(s) 1,248 Square Feet of Gross Living Area Above Grade | | | | | | | |

Describe any additions or modifications (decks, rooms, remodeling, etc.)    See "Site Comments" in the addenda.

Installer's Name  N/A                    Date Installed  N/A                    Model Year  N/A
Is the manufactured home attached to a permanent foundation system?  ☐ Yes  ☒ No   If No, describe the foundation sytem and the manner of attachment.
The subject still has it's steel frame which is resting on concrete blocks.

Have the towing hitch, wheels, and axles been removed?  ☐ Yes  ☒ No   If No, explain   The towing hitch, wheels and axles are still attached.

Is the manufactured home permanently connected to a septic tank or sewage system and other utilities?  ☒ Yes  ☐ No   If No, explain

Does the dwelling have sufficient gross living area and room dimensions to be acceptable to the market?  ☒ Yes  ☐ No   If No, explain

Additional features (special energy efficient items, non-realty items, etc.)    See "Additional Features" on the attached addenda.

The appraiser must rate the quality of construction for the subject unit based on objective criteria (such as N.A.D.A. Manufactured Housing Appraisal Guide®, Marshall & Swift Residential Cost Handbook®, or other published cost service). The appraiser must also report the source used for this quality of construction rating determination.
Quality  ☐ Poor  ☐ Fair  ☒ Average  ☐ Good  ☐ Excellent    Identify source of quality rating    Marshall & Swift Residential Cost Handbook
Describe the condition of the property (including needed repairs, deterioration, renovations, remodeling, etc.).    See "Depreciation Comments" on the attached addenda.

Are there any physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property?  ☐ Yes  ☒ No   If Yes, describe

Does the property generally conform to the neighborhood (functional utility, style, condition, use, construction, etc.)?  ☒ Yes  ☐ No   If No, describe

## COST APPROACH

Provide adequate information for the lender/client to replicate the below cost figures and calculations.
Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value)    Site value was estimated based on comparable sales information gathered from MLS and the the Clark county tax records.  The opinion of site value was reached by comparing numerous land sales and then by the process of deduction, producing a mathematical result from use of the formula of dividing the size of the lot into the size of the comparable lot and then using that percentage to multiply it by the size in square feet of the lot of the subject to obtain an opinion of site value.

ESTIMATED ☐ REPRODUCTION OR ☒ REPLACEMENT COST NEW
Source of cost data  MLS/Public Records    Effective date of cost data  8/23/2006    Quality rating from cost service  Avg.

| OPINION OF SITE VALUE | | | | Exterior Dimensions of the Subject Unit | | | |
|---|---|---|---|---|---|---|---|
| | | | $ 15,000 | | | | |
| Section One | 624 Sq. ft. @ $ 20.00 | $ | 12,480 | 24 X | 52 = | 1,248.0 | Sq. ft. |
| Section Two | 624 Sq. ft. @ $ 20.00 | $ | 12,480 | X | = | | Sq. ft. |
| Section Three | Sq. ft. @ $ | $ | | X | = | | Sq. ft. |
| Section Four | Sq. ft. @ $ | $ | | X | = | | Sq. ft. |
| | | $ | | Total Gross Living Area: | | 1,248 | Sq. ft. |
| | | $ | | Other Data Identification | | | |
| | | $ | | N.A.D.A. Data Identification Info: Edition  Mo: | | Yr: | |
| Sub-total: | | $ | 24,960 | MH State:  Region:  Size: | | ft. x | ft. |
| Cost Multiplier (if applicable): | x | | | Gray pg.  White pg. | | Black SVS pg. | |
| Modified Sub-total: | | | 24,960 | 15 years and older Conversion Chart pg. | | Yellow pg. | |
| Physical Depreciation or Condition Modifier: | | | -4,575 | Comments N/A | | | |
| Functional Obsolescence (not used for N.A.D.A.): | | | | | | | |
| External Depreciation or State Location Modifier: | | | | | | | |
| Delivery, Installation, and Setup (not used for N.A.D.A.): | $ | | | | | | |
| Other Depreciated Site Improvements: | $ | | | | | | |
| Market Value of Subject Site (as supported above): | $ | | 15,000 | | | | |
| Indicated Value by Cost Approach: | $ | | 35,385 | Estimated Remaining Economic Life (HUD and VA only) | | 45-50 | Years |

Summary of Cost Approach    Cost factors based on local builders and/or Marshall & Swift information for square foot calculations (rounded). Land/Improvement ratio is normal for the area. Depreciation determined by the overall condition of the unit as related to normal wear and tear, and the average life expectancy of similar residences in the surrounding area.

Estimated Remaining Economic Life: 45-50 years

# Manufactured Home Appraisal Report
File # P3501070610

There are +/- 5 comparable properties currently offered for sale in the subject neighborhood ranging in price from $ 38,000 to $ 60,000.
There are +/- 7 comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $ 30,000 to $ 80,000.

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| Address | 3501 Purdue Way, Las Vegas, NV 89115-0480 | 2309 North Sloan Lane, Las Vegas, NV 89156(REO-Bank) | | 5511 Aldama Road, Las Vegas, NV 89122 | | 1789 Royal Estates Drive, Las Vegas, NV 89115 | |
| Proximity to Subject | | 3.28 miles SE | | 6.43 miles SE | | 2.29 miles SE | |
| Sale Price | $ N/A | $ | 28,000 | $ | 31,500 | $ | 30,000 |
| Sale Price/Gross Liv. Area | $ sq.ft. | $ 19.44 sq.ft. | | $ 23.44 sq.ft. | | $ 19.74 sq.ft. | |
| Manufactured Home | | ☒ Yes ☐ No | | ☒ Yes ☐ No | | ☒ Yes ☐ No | |
| Data Source(s) | | Public Records/MLS #944210 | | Public Records/MLS #946322 | | Public Records/MLS #913371 | |
| Verification Source(s) | | Doc #20090901:03631 / DOM:10 | | Doc #20091015:02007 / DOM:11 | | Doc #20091028:01439 / DOM:200 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sales or Financing Concessions | | Auction Slr. Cont. $990 | | Auction None Noted | | Cash Slr. Cont. $2,100 | |
| Date of Sale/Time | | 09/01/2009 | | 10/15/2009 | | 10/28/2009 | |
| Location | Residential St. | Residential St. | | Residential St. | | Residential St. | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 6,700 Sq.Ft. | 6,420 S.F. | | 4,950 S.F. | +1,800 | 5,280 S.F. | |
| View | Area/Typ/Avg | Area/Typ/Avg | | Area/Typ/Avg | | Area/Typ/Avg | |
| Design (Style) | Dbl/Wd/Conv | Dbl/Wd/Conv | | Dbl/Wd/Conv | | Dbl/Wd/Conv | |
| Quality of Construction | Average | Similar | | Similar | | Similar | |
| Actual Age | 1983 (27 Yrs) | 1985 | | 1988 | | 1985 | |
| Condition | Average | Fair/Inferior | +3,000 | Fair/Inferior | +3,000 | Poor/Inferior | +5,000 |
| Above Grade Room Count | Total 5 / Bdrms. 3 / Baths 2 | Total 5 / Bdrms. 3 / Baths 2 | | Total 5 / Bdrms. 3 / Baths 2 | | Total 6 / Bdrms. 3 / Baths 2 | |
| Gross Living Area | 1,248 sq.ft. | 1,440 sq.ft. | -5,800 | 1,344 sq.ft. | -2,900 | 1,520 sq.ft. | -8,200 |
| Basement & Finished Rooms Below Grade | None / None | None / None | | None / None | | None / None | |
| Functional Utility | Good | Good | | Good | | Good | |
| Heating/Cooling | Gas FAU/Central | Gas FAU/Central | | Gas FAU/Central | | Gas FAU/Central | |
| Energy Efficient Items | Standard | Standard | | Standard | | Standard | |
| Garage/Carport | 2 Car Crprt/Att. | 1 Car Crprt/Att. | +1,500 | 1 Car Crprt/Att. | +1,500 | 1 Car Crprt/Att. | +1,500 |
| Porch/Patio/Deck | Covered Porch | Cov Por/Similar | | Cov Por/Similar | | Cov Por/CvPatio | -1,500 |
| Interior Upgrades | Upgrades:Avg. | Upgrades:Similr | | Upgrades:Similr | | Upgrades:Similr | |
| Fireplace | No Fireplace | No Fireplace | | No Fireplace | | No Fireplace | |
| Additional Exterior Amenities | Storage Room | Storage Room | | Storage Room | | Storage Room | |
| Net Adjustment (Total) | | ☐ + ☒ - | $ -1,300 | ☒ + ☐ - | $ 3,400 | ☐ + ☒ - | $ -3,200 |
| Adjusted Sale Price of Comparables | | Net Adj. 4.6 %, Gross Adj. 36.8 % | $ 26,700 | Net Adj. 10.8 %, Gross Adj. 29.2 % | $ 34,900 | Net Adj. 10.7 %, Gross Adj. 54.0 % | $ 26,800 |

I ☒ did ☐ did not research the sale or transfer history of the subject property and comparable sales. If not, explain

My research ☐ did ☒ did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Data source(s)  MLS/Public Records
My research ☐ did ☒ did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.
Data source(s)  MLS/Public Records
Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 4).

| ITEM | SUBJECT | COMPARABLE SALE #1 | COMPARABLE SALE #2 | COMPARABLE SALE #3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | No other sales | Trustees Deed 04/07/09 | Trustees Deed 10/21/2008 | No other sales |
| Price of Prior Sale/Transfer | within the past 36 months. | noted at $77,188. | noted at $124,668. | within the past 36 months. |
| Data Source(s) | Public Records/MLS | Public Records/MLS | Public Records/MLS | Public Records/MLS |
| Effective Date of Data Source(s) | 07/06/2010 | 07/06/2010 | 07/06/2010 | 07/06/2010 |

Analysis of prior sale or transfer history of the subject property and comparable sales   No other sales/listings for the subject property or comparable sales within the past 36 months unless otherwise noted.  The last recorded value was in 1995 noted at $68,200.

Summary of Sales Comparison Approach   The appraiser took into consideration all factors regarding the current market and it's declining condition and more weight was placed on the more recent sales and the contingent sale and the current listings.  Also, the location of the comparables as well as the subdivisions they were located in were also taken into consideration by the appraiser.  All comparable sales came from the city of Las Vegas, North Las Vegas and Henderson and all the comparable sales found were used in this report.  There have not been many sales of manufactured homes that are currently recorded as single family residences in the Las Vegas area which is why the search area was expanded.

See "Additional Market Comment" on the attached addenda.
Indicated Value by Sales Comparison Approach $ 35,000
Indicated Value by:   Sales Comparison Approach $ 35,000   Cost Approach $ 35,385   Income Approach (if developed) $ N/A
Although the Cost Approach supports the final estimate of value, most weight is given to the Sales Comparison Analysis; as it best reflects the actions of buyers and/or sellers in the marketplace.  Income Approach is not used, due to a lack of recent and reliable rental data.

This appraisal is made ☒ "as is", ☐ subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed, ☐ subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, or ☐ subject to the following required inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair: This is a full summary appraisal report.  The subject is appraised "AS IS" with no appraisal conditions or requirements warranted or conditions noted.
Based on a complete visual inspection of the interior and exterior areas of the subject property, defined scope of work, statement of assumptions and limiting conditions, and appraiser's certification, my (our) opinion of the market value, as defined, of the real property that is the subject of this report is $ 35,000 , as of 07/06/2010 , which is the date of inspection and the effective date of this appraisal.

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEVADA | | PROOF OF CLAIM 13 |
|---|---|---|
| Name of Debtor<br>David Lopez Ramirez and Margarita Ruiz | Case Number<br>09-16691-lbr | *(This space for court use)* |

NOTE: This form should NOT be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. Section 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property)<br><br>**Wells Fargo Bank, N.A.** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Name & address where notices and payments should be sent:<br>Wells Fargo Home Mortgage<br>One Home Campus, Mac #X2302-045<br>Des Moines, IA 50328 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. |
| Account or other number by which creditor identifies debtor:   8429683694 / 09-72944 | Check here if this claim<br>☐ replaces   ☐ amends   a previously filed claim, dated |

**1. BASIS FOR CLAIM**
☐ Goods sold
☐ Services performed
X Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other

☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☐ Wages, salaries, and compensation (FILL OUT BELOW)
Your Social Security #_____-____-_____
Unpaid compensation for services performed from
(date)_____ To _____ (date)

**2. Date debt was incurred:** December 19, 2001      **3. If court judgment, date obtained:**

**4. Total amount of claim at time case filed:** $43,113.93
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach an itemized statement of all interest or additional charges.

**5. Secured Claim.**
X Check this box if your claim is secured by collateral (including a right of setoff)

Brief description of collateral:
X Real Estate   ☐ Motor Vehicle
☐ Other

Amount of arrearages and other charges <u>at time case filed</u> included in secured claim, if any:

$43,113.93*

\* Arrearages, as set forth in Schedule "A" attached.
Plus accruing interest, late charges,

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim.
Amount entitled to priority $
*Specify the priority of the claim:*
☐ Wages, salaries, or commissions up to $4,650* earned within 90 days before filing of the bankruptcy petition, or cessation of the debtor's business, whichever is earlier- 11 U.S.C.§507(a)(3)
☐ Contributions to an employee benefit plan.- 11 U.S.C. § 507(a)(4)
☐ Up to $2,100* of deposits toward purchase, lease or rental of property Or services for personal, family or household use- 11 U.S.C. § 507(a)(6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child- 11 U.S.C. § 507(a)(7)
☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8)
☐ OTHER-Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/98 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**8. Supporting documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**9. Date-Stamped copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and a copy of this proof of claim.

*(This space for court use)*

Date: May 14, 2009      /S/GREGORY L. WILDE
WILDE & ASSOCIATES, counsel for creditor

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

David Lopez Ramirez
CASE NO: 09-16691-lbr

## SCHEDULE "A"

PRINCIPAL BALANCE $43,113.93

ARREARAGES

| | |
|---|---:|
| Principal Balance | $43,113.93 |
| TOTAL* | $43,113.93 |

*TOTAL GOOD THROUGH April 29, 2009

***NOTE: THE TOTAL DEBT IS THE SUM OF THE ARREARAGES AND THE PRINCIPAL BALANCE, LESS ANY PORTION OF THE ARREARAGES WHICH UNDER THE TERMS OF THE LOAN WOULD BE APPLIED AS A REDUCTION OF THE PRINCIPAL.

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT    District of Nevada, Las Vegas Division | PROOF OF CLAIM |
|---|---|

Name of Debtor:
MARGARITA DIAZ -- SS No. XXX-XX-4282
DAVID RAMIREZ -- SS No. XXX-XX-2007

Case Number:
09-16691

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
CitiBank

Name and address where notices should be sent:

CitiBank
PO Box 140609

Irving, TX 75019-0609
Telephone number:   (800)310-5734

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
*(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):
CitiBank
P. O. Box 6941

The Lakes, NV 88901-6941
Telephone number:   (800)310-5734

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**    $ 17,086.71

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** _____
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 2723

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim**    (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:    ☒ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:

Value of Property:$_____    Annual Interest Rate    7.99000 %

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $   0.00    Basis for perfection: _____

Amount of Secured Claim: $   17,086.71    Amount Unsecured: $   0

**6. Credits:**    The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(____).

Amount entitled to priority:
$   0

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>10/13/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>/s/ Candius Parker Bankruptcy Specialist | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# Exhibit 'A'

Case No.: 09-16691

Debtors:  MARGARITA DIAZ -- SS No. XXX-XX-4282
          DAVID RAMIREZ -- SS No. XXX-XX-2007

Address:  3501 PURDUE

          LAS VEGAS, NV  89115

Loan No.:2723

On filing petition 04/29/09 debtor(s) owed claimant $17,086.71.

ARREARAGES owed as of 04/29/09, the date of filing of the petition.

| From | To | Type of Charge | # | Unit Charge | Total |
|------|----|----|---|-------------|-------|
|      |    |    |   |             |       |
|      |    |    |   | Subtotal:   | 0.00  |
|      |    |    |   | **TOTAL:**  | **0.00** |

The above figures represent the delinquency at the time of filing and do not reflect payments received after the date of the filing of the bankruptcy.

Late charges accrue to the account when payments are received 0 days past the payment due date.

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: DAVID RAMIREZ-LOPEZ and MARGARITA RAMIREZ<br><br>Debtor(s). | BK-10-24215-LBR<br>Chapter 13<br><br>Date:  12-9-10<br>Time:  3:05 p.m.<br>Rick A. Yarnall |

**ORDER GRANTING MOTION TO VALUE DEBTORS' NON-PRINCIPAL RESIDENCE REAL PROPERTY, AVOID WHOLLY UNSECURED LIEN(S) ENCUMBERING SAME, AND TO MODIFY THE RIGHTS OF PARTIALLY SECURED LIENHOLDER(S) AND GRANTING OBJECTION TO LIENHOLDERS' PROOFS OF CLAIM, IF ANY**

THIS MATTER having come before the Court for a hearing on December 9, 2010, on Debtor(s) MOTION TO VALUE DEBTORS' NON-PRINCIPAL RESIDENCE REAL PROPERTY, AVOID WHOLLY UNSECURED LIEN(S) ENCUMBERING SAME, AND TO MODIFY THE RIGHTS OF PARTIALLY SECURED LIENHOLDER(S) AND OBJECTION TO LIENHOLDERS' PROOFS OF CLAIM, IF ANY , and based upon the papers and pleadings on file herein, and good cause appearing; the Court finds as follows:

1. The Debtor's non-principal residence located at 3501 Purdue Way, Las Vegas, NV 89115 APN: 140-07-310-077 (the "Subject Property") is valued at $ 35,000.00 as of the date of Debtor's Chapter 13 Petition.

2. The Subject Property is collateral for a senior partially secured claim of Wells Fargo Bank, N.A. ("Senior Lienholder").

|    |    |                                                                                                                                                                                                                                         |
|----|----|-----|
| 1  |    | ✓   Senior Lienholder has filed a Proof of Claim number 2 related to such |
| 2  |    |     claim, and such Proof of Claim claims a debt of $43,113.93. Senior |
| 3  |    |     Lienholder's Proof of Claim indicates that Senior Lienholder has assigned |
| 4  |    |     account # 3694 to this claim. |
| 5  | 3. | The Subject Property is also collateral for a junior unsecured claim of CitiBank |
| 6  |    | ("Junior Lienholder"). |
| 7  |    | ✓   Junior Lienholder has filed a Proof of Claim number 14 related to such |
| 8  |    |     claim, and such Proof of Claim claims a debt of $17,086.71. Junior |
| 9  |    |     Lienholder's Proof of Claim indicates that Junior Lienholder has assigned |
| 10 |    |     account # 2723 to this claim. |
| 11 | 4. | That on the filing date of the instant Chaper 13 petition, the claim represented by |
| 12 |    | junior lien of CitiBank was wholly unsecured and may therefore be avoided and |
| 13 |    | the claim represented by first lien of Wells Fargo Bank, N.A. was partially |
| 14 |    | unsecured to the extent of the value of the property and may therefore be modified |
| 15 |    | as unsecured consistent with the value of subject real property as determined |
| 16 |    | above pursuant to 11 U.S.C. Section 506(a) and § 1322 (b)(2); and |
| 17 | 5. | The entire junior claim of CitiBank and the non-secured portion of Wells Fargo |
| 18 |    | Bank, N.A.'s first claim are properly reclassified as non-priority general |
| 19 |    | unsecured claims to be paid pro rata with other non-priority general unsecured |
| 20 |    | creditors through the Debtor's Chapter 13 plan; and |
| 21 | 6. | That it is consistent with the above findings that any claims as identified in Proofs |
| 22 |    | of Claim filed by Wells Fargo Bank, N.A. and CitiBank be modified to non- |
| 23 |    | priority general unsecured status to the extent set forth above. |

IT IS HEREBY ORDERED THAT:

1. Inasmuch as of the value of Debtor's non- primary residence real property is less that the amount of the first lien, and since the junior claim is wholly unsecured, it shall be completely avoided and "stripped off" pursuant to 11 U.S.C. §506(a) and that the first claim of Wells Fargo Bank, N.A. shall be modified, striped down and reduced to the actual value of the

property as determined herein. That said claims be reclassified as general unsecured claims pursuant to 11 U.S.C. §506(a) to be paid pro rata with other general unsecured creditors through the debtors' Chapter 13 plan; that any proof of claim of the lienholders be modified consistent with the actual value of the property as determined herein.

    2.    Should Debtor receive a discharge in this case, lienholders herein shall as soon as practicable thereafter take all necessary and appropriate steps to modify or remove their liens of record consistent with this order, and to ensure that Debtor's title to the Subject Property is clear of any cloud on title related to junior lienholder's claim. This court hereby reserves jurisdiction with respect to any dispute over the actions necessary to comply with this paragraph; and

    3.    Should this case be converted to one under another chapter, 11 U.S.C. § 348(f) shall govern the continued validity of this order; and

    4.    Should this case be dismissed, 11 U.S.C. § 349(b)(1)-(3) shall govern the continuing validity of this order.

**ALTERNATIVE METHOD RE: RULE 9021**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

    \_\_\_\_ The court has waived the requirement set forth in LR 9021 (b)(1).

    \_\_\_\_ No party appeared at the hearing or filed an objection to the motion.

    \_\_\_\_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below (list each party and whether the party has approved, disapproved, or failed to respond to the document):

_X_ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014 (g), and that no party has objected to the form or content of the order.

Submitted By:

CROSBY & ASSOCIATES

_____

David M. Crosby, Esq.