

Entered on Docket
January 12, 2011

_____
Hon. Linda B. Riegle
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

In re:
DAVID RAMIREZ-LOPEZ and
MARGARITA RAMIREZ

           Debtor(s).

BK-10-24215-LBR
Chapter 13

Date:  12-9-10
Time:  3:05 p.m.
Rick A. Yarnall

**ORDER GRANTING MOTION TO VALUE DEBTORS' PRINCIPAL RESIDENCE AND AVOID WHOLLY UNSECURED LIEN(S) ENCUMBERING SAME, TO MODIFY THE RIGHTS OF LIENHOLDERS AND GRANTING OBJECTION TO LIENHOLDERS' PROOF(S) OF CLAIM, IF ANY**

    THIS MATTER having come before the Court for a hearing on December 9, 2010, on Debtors' MOTION TO VALUE DEBTORS' PRINCIPAL RESIDENCE AND AVOID WHOLLY UNSECURED LIEN(S) ENCUMBERING SAME, TO MODIFY THE RIGHTS OF LIENHOLDERS AND OBJECTION TO LIENHOLDERS' PROOF(S) OF CLAIM, IF ANY, and based upon the papers and pleadings on file herein, and good cause appearing; the Court finds as follows:

    1.    The Debtors' principal residence located at 409 Lucy Street, Henderson, NV 89015  APN: 178-24-515-024 (the "Subject Property") is valued at $128,500.00 as of the date of Debtor's Chapter 13 Petition.

    2.    The Subject Property is collateral for a senior secured claim of U.S. Bank National Association ("Senior Lienholder").

    √    Senior Lienholder has filed a Proof of Claim number 4 related to such claim, and such Proof of Claim claims a debt of $267,023.05.  Senior

Lienholder's Proof of Claim indicates that Senior Lienholder has assigned account # 6192 to this claim.

3. The Subject Property is also collateral for a junior secured claim of Chase Manhattan Mortgage ("Junior Lienholder").

   √   Junior Lienholder has **not** filed a Proof of Claim related to its claim, but has assigned account # 7014 to this claim. The Debtor's schedules list the amount of Junior Lienholder's claims as $64,291.23.

4. That on the filing date of the instant Chapter 13 petition, the claims represented by the junior lien was wholly unsecured and may therefore be avoided pursuant to 11 U.S.C. Section 506(a) and §1322(b)(2) upon completion of Debtors' Chapter 13 plan; and

5. Said claim is properly reclassified as non-priority general unsecured claim to be paid pro rata with other non-priority general unsecured creditors through the Debtors' Chapter 13 plan; and

6. That it is consistent with the above findings that any claim(s) as identified in Proofs of Claim filed by Chase Manhattan Mortgage be modified to non-priority general unsecured status.

IT IS HEREBY ORDERED THAT:

1. The claims represented by the junior lien of Chase Manhattan Mortgage be and is herewith avoided and "stripped off" from Debtors' principal residence upon completion of Debtors' Chapter 13 plan and shall henceforth be treated as a "non-priority general unsecured claim" pursuant to 11 U.S.C. §506(a)

2. Should Debtor receive a discharge in this case, Junior Lienholder shall as soon as practicable thereafter take all necessary and appropriate steps to remove its lien of record, and to ensure that Debtor's title to the Subject Property is clear of any cloud on title related to Junior Lienholders' claim. This court hereby reserves jurisdiction with respect to any dispute over the actions necessary to comply with this paragraph; and

3. Should this case be converted to one under another chapter, 11 U.S.C. § 348(f) shall govern the continued validity of this order; and

4. Should this case be dismissed, 11 U.S.C. § 349(b)(1)-(3) shall govern the continuing validity of this order; and

5. Chase Manhattan Mortgage shall retain its claim(s) for the full amount under the loan referenced above in the event of either dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code.

**ALTERNATIVE METHOD RE: RULE 9021**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

\_\_\_\_ The court has waived the requirement set forth in LR 9021 (b)(1).

\_\_\_\_ No party appeared at the hearing or filed an objection to the motion.

\_\_\_\_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below (list each party and whether the party has approved, disapproved, or failed to respond to the document):

\_\_X\_\_ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014 (g), and that no party has objected to the form or content of the order.

Submitted By:
CROSBY & ASSOCIATES

David M. Crosby, Esq.